Chief Justice Mike McGrath, dissenting.
¶23 The Plaintiffs have satisfied both the superiority and predominance prongs of M. R. Civ. P. 23(b)(3).
¶24 In its order denying the Plaintiffs' Motion to Alter or Amend, the District Court noted that the evidence of Orion's status (referring to the closure of the business and move to Florida), was "somewhat (and belatedly) remedied" through Plaintiffs' attachment of evidence to the motion.
¶25 These facts were well known to the parties throughout the proceedings and essentially uncontested. It was specifically ***344 acknowledged by Orion in its answers to discovery in early February 2017, several weeks prior to the court's denial of the motion to certify. In my view, these facts alone are sufficient to satisfy the superiority requirement.
¶26 For individual claimants to pursue the litigation and obtain service of process in Florida would be extremely difficult and cumbersome. Moreover, the District Court's rationale regarding the concentration of claims in Missoula, in the western edge of the state, fails when considering the alternative of multiple jurisdictions with separate and potentially disparate decisions. Whether the District court is in western or even central Montana has little or no rational bearing to the decision. Consolidating this litigation in one district court should be the primary goal.
¶27 Finally, the District Court's concern over facing separate damage determinations can be resolved with modern case management tools, the imposition by the court of strict deadlines for the submission of court designated and necessary discovery materials, as well as the use of settlement masters. Issues of separate damage determinations do not necessarily preclude certification of a class. Mattson v. Mont. Power Co. , 2012 MT 318, ¶¶ 38, 41, 368 Mont. 1, 291 P.3d 1209.
¶28 As to predominance, even the parties agree that Orion provided obsolete information in consumer reports, as prohibited by § 31-3-112, MCA. That is the predominate issue. While certain questions of law likely remain, the District Court has already made *1100 rulings on the application of the Montana Consumer Protection Act and the relevant statute of limitations. As noted above, the individual questions of damages, while potentially complicated, can be managed with the tools that are currently available to the district courts and should not preclude this class certification.
¶29 While I agree that this Court should give certain deference to the District Court when deciding this question, in my view the Plaintiffs have clearly satisfied all of the legal requirements for certification of a class action. I would reverse the decision of the District Court.
¶30 I dissent.